UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA



Calvin Young & Maurice Symonette,

    Plaintiffs,                        CASE: 25-CV-61893-JMS

Vs.                                    LOWER TRIBUNAL: CACE-21-014765

State of Florida, U.S. Bank, N.A.

    Defendants.

_____/

## AMENDED

## NOTICE OF FILING

## NOTICE OF REMOVAL 28 U.S.C. 1446

**COMES NOW,** Plaintiffs, Calvin Young & Maurice Symonette, Pro Se and sui juris, and files for Notice of Removal due to the fact that HSBC means Hong Kong Shanghai Banking Corporation whose address is in Shanghai China. The 1938 F.A.R.A. act Regulates any Chinese Owned Bank because they are Foreign and not allowed to buy, sell, or sign Mortgages in America they can Operate within the international SEC but are not allowed to do business with American Citizens so everything must be done in Federal Court when dealing with HSBC which is what gives this Court Federal Jurisdiction. Due to States Court Lack of jurisdiction and Civil Rights Violations, Criminal Acts which is why we filed this Notice of Removal 28 U.S.C. 1446 (d) to stop the Foreclosure in State Court to force them to be Regulated under the Federal Court according to the 1938 F. A R A ACT. I have been psychologically tortured and terrorized by the Clerk of Court and his staff. The Governor had-

_____        _____
CALVIN YOUNG                      MAURICE SYMONETTE
1711 SW 85th Ave                   15020 S. River Dr.
Miramar Fl. 33025                Miami Fl. 33167

jurisdiction to prevent the Clerk's action but fail his duties to We The People, pursuant to Article IV Section 1 (a) & (b) and 42 U.S.C. 1983 AND 42 U.S.C. 1986. The Mayor Daniella Levine Cava had power to order the clerk of Court and her Sheriff's and their staff to stop their criminal acts towards us as victims, they retaliated further and committed first degree felonies. See Florida Statutes Section 914.23. Chief Judge and the General Counsel were notified and they to fail to perform their duties to prevent the Clerk of Court from Retaliating against victims. Bureau of Compliance for the Miami-Dade County Police were notified with the case number secured against all conspirators in their political positions as each has taken an oath of office and fail to report violating 18 U.S.C. 4 Misprision of Felony, and 18 U.S.C. 2382 Misprision and Treason. Each had a duty under 18 U.S.C. 3041 MAYOR, CHIEF JUDGE, GOVERNOR, CLERK OF COURT and all others listed in the a forementioned codes have committed criminal offenses towards us as victims. Due to the severity of the criminal activity and the political parties involved, it is the Plaintiff's positions that they have not and will not receive fair hearings, trials, warrants for charges filed and grand jury indictments because of their party affiliations and constituents within this jurisdiction. Plaintiff's contends their rights to not be denied Notice of Removal in accordance with Florida Constitution Article III Section 11 (a) (1) & (6).

A transfer to federal court is true and proper because foreclosures with Fannie Mae and HUD cannot be foreclosed in state court.

The laws that is applicable and controlling in this case are regulated and enforced in federal court and the state court will be compelled in another forum writ of mandamus to comply with their own laws, constitutions, and rules. It will be in the interest of justice to change the venue to federal court.

By the case being forwarded to the Federal Court s jurisdiction, it will not take up or waste the courts time. All laws that apply to this case is prima facie and will acquire an effective and sufficient result. All pleadings will be succinct and accomplish their desired results effectively and expeditiously.

By respectfully moving this case to the federal court the state court will be in compliance with our inalienable rights, laws of the United States and state of Florida, Constitutions of both federal and state, and their oaths of office.

### **ULTIMATE FACTS WITH CONCLUSION OF LAW**

Section 1404(a) of Title 28 provides that: "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought."

Any party, including plaintiff, may move for a transfer under 28 U.S.C. § 1404(a). I-T-E- Circuit Breaker Co. v. Regan, 348 F.2d 403 (8th Cir. 1965); American Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 260 (W.D. Mo. 1980). A party may move for transfer, even if it has waived any objection to venue. Montgomery Ward & Co. v. Anderson Motor Service, Inc., 339 F. Supp. 713, 718 n.3 (W.D. Mo. 1971). The court may also transfer an action sua sponte. Lead Industries Association, Inc. v. Occupational Safety and Health Administration, 610 F.2d 70, 79 n.17 (2d Cir. 1979); Mobil Corp. v. S.E.C., 550 F. Supp. 67, 69 (S.D.N.Y. 1982). While 28 U.S.C. § 1404(a) contains no time limit for the filing of a motion, the motion may be denied if the passage of time or any delay causes undue prejudice or is considered dilatory. See American Standard, Inc., 487 F. Supp. at 261, and cases cited. "The moving party has the burden of proof and must make a convincing showing of the right to transfer." Id.

The power of the court to transfer is limited to those districts or divisions where the case "might have been brought." 28 U.S.C. § 1404(a); American Standard, 487 F. Supp. at 261, and authorities cited. Thus, a transfer would be denied where some defendants would not be subject to jurisdiction or where the venue would be improper in the transferee forum as to any defendant. See Hoffman v. Blaski, 363 U.S. 335, 344 (1960); In re Fine Paper Antitrust Litigation, 685 F.2d 810, 819 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983); Security State Bank v. Baty, 439 F.2d 910, 912 (10th Cir. 1971); Lamont v. Haig, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978).

One of, if not the most important factors to be considered, is that of convenience of the witnesses. In this regard, the inquiry is directed not at the numbers, but rather at the nature and quality of the witnesses' testimony and the question of whether they can be compelled to testify. See Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp. 1048, 1051 (N.D. Ill. 1982); Schmidt v. Leader Dogs for the Blind, Inc., 544 F. Supp. 42, 48 (E.D. Pa. 1982); Capitol Cabinet Corp. v. Interior Dynamics, Ltd., 541 F. Supp. 588, 591 (S.D.N.Y. 1982).

Another of the very important factors is the "interest of justice" -- a factor susceptible to a wide variety of definitions. For example, a court might properly consider the degree "of uncertainty in transferor state law." See Van Dusen v. Barrack, 376 U.S. 612 (1964). Other examples of matters considered under rubric

of "interest of justice" are efficient use of judicial resources and avoidance of unnecessary waste and expense, Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26-27 (1960); Smithkline Corp. v. Sterling Drug, Inc., 406 F. Supp. 52, 55 (D.C. Del. 1975); avoidance of inconsistent adjudications and "possibility of prejudice to the plaintiffs flowing from that transfer," Amoco Production Co. v. U.S. Dept. of Energy, 469 F. Supp. 236, 244 (D.C. Del. 1979); "familiarity of the court with the state law to be applied and the desirability of having localized controversies decided at home," Mutual of Omaha Ins. Co. v. Dolby, 531 F. Supp. 511, 514 (E.D. Pa. 1982), and cases cited; and permitting the transferee judge to interpret his outstanding protective order and familiarity of transferor judge with relevant documents. Mobil Corporation, 550 F. Supp. at 71. "The factor of the convenience of parties and witnesses must also be measured in terms of the interest of justice." See American Standard, 487 F. Supp. at 264. The level of congestion of the respective courts, dockets and the speed with which the dispute can be resolved are also proper matters to be considered. See Securities and Exchange Commission v. Savoy Industries, Inc., 587 F.2d 1149, 1156 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979).

An ORDER MUST BE rendered to have jurisdiction over this case and subject matter forwarded to the Federal courts.

## Oath

**I DECLARE UNDER PENALTY OF PERJURY**, that all the facts stated herein are true and correct to the best of my knowledge and ability. And that the facts stated herein were made of my own accord, Executed this 23 day of July 2024.

_____
CALVIN YOUNG
15020 S. RIVER DR
MIAMI FL. 33167

_____
MAURICE SYMONETTE
15020 S. RIVER DR
MIAMI FL. 33167

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via E-Mail or Regular U.S. Mail to the parties listed on the service list on this 12th day of August, 2025.

        **ALDRIDGE | PITE, LLP**
Attorney for Plaintiff
401 W. Linton Blvd., Suite 202-B
Delray Beach, FL 33444
Telephone: (561) 392-6391
Facsimile: (561) 392-6965
        John J. Cullaro

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-FM2,

CASE NO.: CACE-21-014765

Plaintiff,

VS.

CALVIN YOUNG; et al.,

Defendant(s).
_____/

## NOTICE OF SERVING ORDER ON PLAINTIFF'S MOTION TO RESCHEDULE FORECLOSURE SALE

Plaintiff, by and through its undersigned counsel, hereby gives Notice of Serving Order on Plaintiff's Motion to Reschedule Foreclosure Sale in the above-referenced case.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via E-Mail or Regular U.S. Mail to the parties listed on the service list on this 12th day of August, 2025.

**ALDRIDGE | PITE, LLP**
Attorney for Plaintiff
401 W. Linton Blvd., Suite 202-B
Delray Beach, FL 33444
Telephone: (561) 392-6391
Facsimile: (561) 392-6965

By: /s/ John J. Cullaro
John J. Cullaro, FL Bar No. 66699
2025.08.12 09:25:58-04'00'
FBN: 66699
Primary E-Mail: ServiceMail@aldridgepite.com



1221-5599B

**Service List:**

**By U.S. Mail:**

Calvin Young
1711 Southwest 85th Avenue
Miramar, FL 33025

State of Florida Department of Revenue
C/o Executive Director
2450 Shumard Oak Boulevard
Tallahassee, FL 32399

Honeyplace Homeowners' Association, Inc.
c/o Association Services of Florida, R.A.
10112 USA Today Way
Miramar, FL 33025

Unknown tenant #1 N/K/A Rose Jovin
1711 Southwest 85th Avenue
Miramar, FL 33025

1221-5599B

UNITED STATES DISTRICT COURT
Southern District of Florida

Case Number: 25-CV-61893-JMS

CAVIN YOUNG AND MAURICE SYMONETTE

Plaintiff(s)

v.

HSBC BANK USA, N.A.

Defendant(s)

FILED BY _____ D.C.
SEP 23 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## NOTICE OF Filing
(TITLE OF DOCUMENT)

I, MAURICE SYMONETTE, plaintiff or defendant, in the above styled cause, In Compliance with 28 USC SS 1446(d) Service list and Written Notice of Adverse PARTIES NOTICE of Filing Notice of Removal

SCANNED

CALVIN YOUNG AND MAURICE SYMONETTE,

    PLAINTIFFS

    v.      )

HSBC BANK USA, N.A.,

    DEFENDANTS.

To:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal of the above-styled cause to the United States District Court for the Southern District of Florida, Miami Division, a copy of which is attached hereto.

Dated this 31st day of JULY 2023.

CALVIN YOUNG
1711 SW 85TH AVE
MIRAMAR FL, 33025

MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI FL. 33167