## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### FORT LAUDERDALE DIVISION

|  |  |  |
|---|---|---|
| CALVIN YOUNG and MAURICE SYMONETTE, | ) ) | Case No. 0:25-cv-61893-MD |
| | ) ) | Lower Tribunal: CACE-21-014765 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| HSBC BANK USA, N.A., and STATE OF FLORIDA, | ) ) ) | |
| *Defendant(s).* | ) ) | |
| | ) | |

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO AND IN SUPPORT OF MOTION TO REMAND

COMES NOW, Plaintiff, HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FM2 ("Plaintiff" or "HSBC Bank"),[1] by and through its undersigned counsel, hereby files this Reply to Defendant, Calvin Young (the "Borrower") and non-party, Maurice Symonette's (together, the "Defendants") "Letter in Response to Motion to Remand that HSBC and Nomara are Foreign Banks Owned by Foreign Countries in Violation of the 1938 FARA Act. And 12 U.S.C. 632 Maurice Symonette is a third party as Part Owner" (the "Response"). *See* ECF No. 19. Defendants have failed to respond or address any of the grounds alleged in Plaintiff's Motion for Remand and/or Dismissal and Memorandum in Support (the "Motion to Remand") and, therefore, the Motion to Remand should be granted, and this action should be remanded to the State Court.

---

[1] First, Plaintiff was incorrectly named in the Notice of Removal as HSBC Bank N.A. Second, Defendants name Plaintiff as the defendant in this action, despite the caption in the lower court case from which this removal was attempted to be made.

**I.**    **Remand Remains Appropriate as Defendants have Failed to Address the Grounds Stated in the Motion to Remand.**

The Defendants' Response does not address a single ground raised by Plaintiff in its Motion to Remand. *See* ECF No. 19. Plaintiff's Motion to Remand outlined four (4) separate and distinct grounds for remanding this action back to the State Court: (1) this Court previously remanded this action for Lack of Subject Matter Jurisdiction; (2) this Court lacks subject matter jurisdiction over this action under the *Rooker-Feldman* Doctrine; (3) this Court lacks subject matter jurisdiction over this action because there is no Federal Question Jurisdiction; (4) the Defendants' second removal was untimely. *See* ECF No. 17.

Defendants' wildly incoherent ramblings contained within the Response fail to address any of Plaintiff's four (4) arguments in support of remand. Instead, Defendants raise the same red herring legal conclusions contained within their Amended Notice of Filing Notice of Removal 28 U.S.C. 1446 (the "Amended Removal"). *See* ECF No. 5. Defendants' failure to address any of the legal arguments outlined in the Motion to Remand is, alone, grounds for granting the Motion to Remand. *See Fountain Shoppes, LLC v. Great American Insurance Company of New York*, No. 24-cv-60117, 2025 WL 1589420 at *2 (S.D. Fla. June 5, 2025) citing *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."), *see also Ewing v. Carnival Corp.*, No. 19-20264-CIV, 2023 WL 2524530, at *3 (S.D. Fla. Mar. 15, 2023) ("A party's failure to meaningfully respond to the opposing party's responsive counterarguments constitutes a concession of the counterargument's persuasiveness."); *Guzman v. City of Hialeah*, No. 15-23985-CIV, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in her responsive brief, fails to address her obligation to object to a point raised by the defendant implicitly concedes that point.").

2

Additionally, this Court's Local Rule 7.1(c) allows the Court to grant the Motion to Remand by default for failure by the non-moving party to respond to the legal arguments raised in the pending motion. *See Brown v. Buddy Bee Corporation*, No. 14-24368-CIV, 2015 WL 11233388 at *4 (S.D. Fla. Mar. 11, 2015) (holding the Court has the authority to grant a motion by default for failure of a party to respond to the legal arguments in its response that were raised in the motion pursuant to the underlying purpose of Local Rule 7.1(c)); *Diaz v. Gov. Employees Ins. Co.*, No. 17-23673-CIV, 2017 WL 11128354, at *2 (S.D. Fla. Nov. 29, 2017) (finding that pursuant to Local Rule 7.1(c), a party's failure to address an argument in a response as a concession and a basis to grant a motion by default); *Hendershott v. Ostuw*, No. 9:20-CV-80006, 2020 WL 13111216 at *5 (S.D. Fla. Oct. 14, 2020) (holding Local Rule 7.1(c)(1) allows for a motion to be granted by default if a party's response does not address the grounds of the motion).

As such, this action remains ripe to be dismissed in its entirety and remanded back to the State Court for any further proceedings that may be required, and Plaintiff should be awarded its costs and attorneys' fees associated with remanding this Case.

*Wherefore*, Plaintiff, HSBC Bank, having outlined the reasons why its Motion for Remand should be granted over and above any would-be responsive arguments by Defendants, hereby requests that this Honorable Court enter an order granting the Motion, directing the dismissal of this action and its remand to the State Court, and for any and all other relief this Court deems just and appropriate.

Submitted this April 8, 2026.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
200 East Broward Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
Facsimile: (954) 333-3930
*Counsel for Plaintiff*

By: */s/ Matthew R. Feluren*
    Eve A. Cann
    Florida Bar No. 40808
    *ecann@bakerdonelson.com*
    Matthew R. Feluren
    Florida Bar No.: 85879
    *mfeluren@bakerdonelson.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2026, a true and correct copy of the foregoing was filed electronically and was sent by e-mail via CM-ECF and/or via U.S. Mail on all counsel or parties of record listed below:

Calvin Young, *Pro se*
1711 SW 85th Ave
Miramar, FL 33025
Telephone: (954) 594-1115
BigBoss1043@yahoo.com

Maurice Symonette, *Pro se*
15020 S. River Dr.
Miami, FL 33167
Telephone: (786) 859-9421

    */s/ Matthew R. Feluren*
    Matthew R. Feluren

4