UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  25-61893-CIV-DAMIAN/Strauss

CALVIN YOUNG and
MAURICE SYMONETTE,

      Plaintiffs,

v.

HSBC BANK, N.A., and
STATE OF FLORIDA,

      Defendants.

_____/

**ORDER ON MOTION FOR REMAND AND/OR DISMISSAL [ECF NO. 17]**

**THIS CAUSE** is before the Court on HSBC Bank USA N.A.'s ("HSBC") Motion for Remand and/or Dismissal, filed March 19, 2026. [ECF No. 17] ("Motion").

THE COURT has reviewed the Motion, the parties' briefing [ECF Nos. 19 and 20], relevant authorities, and the record and is otherwise fully advised. For the reasons set forth below and in this Court's Order of Remand for Lack of Subject Matter Jurisdiction [ECF No. 12], entered on October 24, 2025, the Motion is granted.

HSBC originally filed this foreclosure action over four years ago in the Seventeenth Judicial Circuit Court in Broward County, Florida. *HSBC Bank USA v. Young*, No. CACE21014765 (Fla. Cir. Ct. filed July 23, 2021) (the "Underlying State Foreclosure Action"). On September 22, 2025, one of the Defendants in the underlying state foreclosure action, Calvin Young, proceeding *pro se*, removed the foreclosure action to the Southern District of Florida. *See* Notice of Removal [ECF No. 1]. On October 23, 2025, after reviewing the record and the public filings in the underlying state court foreclosure action, this Court

determined that it lacked subject matter jurisdiction and *sua sponte* remanded the case to the Seventeenth Judicial Circuit in Broward County, Florida. *See* ECF No. 12 ("Order of Remand"). Three months later, on January 21, 2026, the Defendants in the underlying foreclosure action, Calvin Young and Maurice Symonette, filed a Notice of Removal Based on New Found Evidence [ECF No. 14], in which they claim that "HSBC has operated as an unregistered agent of a foreign principal," in violation of the Foreign Agents Registration Act ("FARA"), 22 U.S.C. § 611 *et seq.*, and, therefore, "all of its foreclosure filings, affidavits, and evictions [are] void and unlawful." *Id.* at 3.

On March 19, 2026, HSBC filed the Motion now before this Court requesting that the Court enter an order dismissing this action for lack of subject matter jurisdiction, or in the alternative, an order remanding this case for the same reasons to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. This Court construes the Defendants' Notice of Removal Based on New Found Evidence as a Motion for Reconsideration of this Court's Order of Remand.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Institute de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation marks and citation omitted); *see Williams v. QuikTrip Corp.*, 817 F. App'x 743, 747 (11th Cir. 2020) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact."). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn*

*Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted). Parties "cannot use a . . . motion [for reconsideration] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Oscar v. United States*, No. 18-21368-CIV, 2018 WL 3946475, at *1 (S.D. Fla. Aug. 16, 2018).

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). Section 1447(d) "is tightly circumscribed to cover only remand orders within the scope of 28 U.S.C. § 1447(c), based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks and citation omitted). Section 1447(d) "not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011) (quoting *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992)). *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999) ("[A] remand to state court divests a district court of jurisdiction such that it may not take any further action on the case."); *Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("[Section 1447(d)] has been universally construed to preclude not only appellate review but also reconsideration by the district court.").

Therefore, because the Order of Remand divested this Court of jurisdiction, this Court is barred from reconsideration of its ruling on subject matter jurisdiction. *See, e.g.*, *Energy Enhancement Sys., LLC v. Shurka*, No. 25-20981-CIV, 2025 WL 1191072 (S.D. Fla. Apr. 24, 2025) (Martinez, J.) (denying motion for reconsideration of district court's ruling on federal question jurisdiction following remand).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion for Remand and/or Dismissal [**ECF No. 17**] is **GRANTED** on grounds this Court lacks subject matter jurisdiction. This action is **DISMISSED**, and the case is **CLOSED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 21st day of April, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Calving Young, *Pro se*
        Maurice Symonette, *Pro se*
        15020 S. River Dr.
        Miami, FL 33167

4